FILED

SEP 19 2012

Clerk, U.S District
Courts for the D... ...

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ABDUL WAKIL AMIRI,       :

          :

      Plaintiff,     :

          :

v.          :      Civil Action No. **12 1552**

          :

UNITED STATES OF AMERICA, *et al.*,  :

          :

      Defendants.   :

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

Plaintiff alleges that his former landlord, Gelman Management Company, filed suit in the Superior Court of the District of Columbia, Civil Division, Landlord and Tenant Branch, to evict him. *See* Compl. ¶¶ 3-5. He further alleges that his case was reassigned from a judge who was "very nice to Amiri," *id.* ¶ 6, to another judge who "hates . . . Amiri for taking legal action against another woman judge of [the] Superior Court," *id.* ¶ 9, and that the trial date was changed without proper notice to him, *id.* Plaintiff represents that the presiding judge was "very uncivilized," *id.* ¶ 12, and otherwise acted improperly, *see id.* ¶¶ 11-13. He purports to bring this action under the Federal Tort Claims Act, *see* 28 U.S.C. § 2674, on the assumption that the presiding judge is a federal employee for whom the United States may be substituted as a defendant. Plaintiff is mistaken. The District of Columbia courts are a branch of the government of the District of Columbia, and the United States cannot be held liable for any alleged tort committed by an officer of the District of Columbia. *See Cannon v. United States*, 645 F.2d

1128, 1137 n.35 (D.C. Cir. 1981) (noting that the Circuit "has uniformly held that the [Federal Tort Claims Act] does not, as a general rule, render the United States liable for the torts of employees or agencies of the District of Columbia because the District of Columbia is an independent political entity").

The plaintiff's complaint fails to state a claim upon which relief can be granted, and, therefore, it will be dismissed. An Order is issued separately.

United States District Judge

DATE: August 26, 2012